United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND SURETY COMPANY,

        Plaintiff,

  v.

PG&E CORPORATION,

        Defendant

                                      /

No. C-05-0594 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

      Before the Court is defendant PG&E Corporation's motion to dismiss plaintiff Travelers Casualty and Surety Company's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for May 6, 2005, and rules as follows.

**BACKGROUND**[1]

      Plaintiff and/or its predecessor executed various surety bonds on behalf of Pacific Gas & Electric Company ("debtor"),[2] (see Compl. ¶ 6), including a bond that "operated as

---

[1] For purposes of the instant motion, the Court assumes true the following facts set forth in plaintiff's complaint.

[2] Defendant is the parent company of debtor. (See Compl. ¶ 5.)

security for [debtor's] performance of various workers' compensation obligations," (see Compl. ¶ 7.)  Plaintiff and defendant also entered into a Specific Indemnity Agreement ("Agreement"), under which defendant agreed to indemnify plaintiff "in respect of any and all loss, damages, claims, costs, premiums, expenses and reasonable attorney's fees which [plaintiff] may incur by reason of its having furnished the [ ] Workers' Compensation bond."  (See Compl. ¶ 8, Ex. B.)

On April 6, 2001, debtor filed for bankruptcy protection.  (See Compl. ¶ 11.)  During the course of debtor's bankruptcy proceeding, plaintiff filed a proof of claim, to which debtor responded by filing an objection.  (See Compl. ¶¶ 12-13.)  Thereafter, the bankruptcy court approved a stipulation entered into between plaintiff and debtor, whereby plaintiff's claim was "disallowed" without prejudice, and plaintiff was allowed to assert a claim for attorney's fees against debtor under the terms of an indemnity agreement between plaintiff and debtor.  (See Compl. Ex. D.)  Thereafter, plaintiff filed an amended proof of claim to request said fees; debtor objected; the Bankruptcy Court disallowed the amended claim; and the District Court affirmed the Bankruptcy Court's order on appeal.  (See Compl. ¶¶ 15-18.)

Meanwhile, plaintiff, relying on the Agreement, demanded that defendant pay plaintiff the legal expenses plaintiff had incurred in the connection with debtor's bankruptcy proceeding, (see Compl. ¶¶ 20-21, Exs. D-E); defendant refused, (see Compl. ¶ 22).

Based on the above allegations, plaintiff asserts defendant is in breach of its obligations to plaintiff under the Agreement.

**DISCUSSION**

Defendant argues that it is entitled to dismissal of plaintiff's sole claim, specifically, plaintiff's claim for breach of the Agreement, on the ground the fees and expenses incurred by plaintiff in the course of the bankruptcy proceeding do not fall within the scope of the

//
//
//

1  Agreement.³

2  Under California law,⁴ "a construction permitting recovery [under an indemnity
3  agreement] is favored, but the undertaking of the indemnitor may not be extended by
4  construction or implication beyond the terms of the contract." See Alberts v. American
5  Casualty Co., 88 Cal. App. 2d 891, 900 (1948) (internal citation omitted).

6  As noted, under the Agreement, defendant promised to indemnify plaintiff "in respect
7  of any and all loss, damages, claims, costs, premiums, expenses and reasonable
8  attorney's fees which [plaintiff] may incur by reason of its having furnished the [ ] Workers'
9  Compensation bond." (See Compl. ¶ 8, Ex. B.)  Defendant argues that the Agreement
10 cannot be interpreted to require defendant to reimburse plaintiff for attorney's fees plaintiff
11 incurred as a result of plaintiff's having instituted legal proceedings against a third party.  In
12 support thereof, defendant cites, inter alia, United States Fidelity and Guaranty Co. v.
13 More, 155 Cal. 415 (1909), in which the California Supreme Court interpreted an indemnity
14 agreement containing language similar to that in the subject Agreement,⁵ and concluded
15 that such language "[c]learly . . . does not import a right of recovery upon the part of a
16 surety company for anything less than a legal liability which it may have incurred."  See id.
17 at 418 (emphasis added).  Defendant further notes it has not located any case in which an
18 indemnity agreement was interpreted as requiring the indemnitor to reimburse the
19 indemnitee for fees incurred as a result of the indemnitee's having pursued legal action
20 against a third party.

21 Although plaintiff contends defendant's interpretation of the Agreement draws an

---

³In the alternative, defendant argues that plaintiff's claim is barred by the doctrine of collateral estoppel.  In light of the Court's finding with respect to the scope of the Agreement, the Court does not reach this issue.

⁴The Court's jurisdiction over the instant action is based on diversity of citizenship.

⁵The indemnity agreement at issue in More required the indemnitor "to indemnify and keep [the plaintiff] indemnified from and against any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which [the plaintiff] shall or may, for any cause, at any time, sustain or incur or be put to for or by reason or in consequence of [the plaintiff's] having executed said bond."  See id. at 418.

"artificial distinction" between "prosecuting and defending claims," (see Pl.'s Mem. of P. & A., filed April 15, 2005, at 1:17-19), plaintiff neither cites authority nor otherwise offers a persuasive argument in support of an interpretation whereby it may recover for fees incurred on a claim it has initiated against a third party.

Additionally, plaintiff argues that it incurred the subject costs and fees as a result of debtor's having "commenced litigation against [plaintiff] by filing an objection to [plaintiff's] Proof of Claim," (see id. at 3:25-26), or, as stated otherwise by plaintiff, while plaintiff was "defending against [debtor's] attempts to disallow [plaintiff's] claims," (see id. at 4:14-15). The Court again disagrees.

A "claim," for purposes of a bankruptcy proceeding, is (1) the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," or (2) the "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." See 11 U.S.C. § 101(5). In other words, when a claimant files a claim against a debtor, the claimant, by definition, seeks affirmative relief as against the debtor, whether in the form of a payment or an equitable remedy. If the debtor does not file an objection to the claim, the claim is "deemed allowed," see 11 U.S.C. § 502(a), and if a debtor files an objection, the Bankruptcy Court conducts a hearing to determine the validity of the claim and, if valid, the amount of the claim. See 11 U.S.C. § 502(b). Plaintiff's attempt to characterize its filing of the subject claim in the Bankruptcy Court as "defending its rights," (see Pl.'s Mem. of P. & A. at 13:1-2), is unavailing. Essentially all claims and complaints could be so characterized.

In sum, the Court finds that plaintiff, in filing and pursuing its claims in the Bankruptcy Court, was not defending itself against a claim instituted by debtor. Because the Agreement cannot be interpreted as requiring defendant to reimburse plaintiff for costs and fees incurred in pursuing, as opposed to defending against, claims, plaintiff is not

4

entitled to indemnity under the Agreement.

Accordingly, the complaint is subject to dismissal.

In its opposition, plaintiff requests leave to amend in the event the Court dismisses the complaint. Plaintiff, however, fails to state how it could amend the complaint to state a claim against defendant. The deficiency in plaintiff's complaint is not a deficiency in form that might be cured by inclusion of additional factual allegations. Rather, the complaint suffers from a "basic flaw," specifically, plaintiff has not alleged, and cannot allege, that it incurred fees and expenses in the course of defending itself against a claim filed against it. See Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding where complaint suffered from "basic flaw," district court properly dismissed complaint without leave to amend; stating "[b]ecause any amendment would be futile, there is no need to prolong the litigation by permitting further amendment"). Under the circumstances, leave to amend will be denied.

## CONCLUSION

For the reasons stated, defendant's motion to dismiss is hereby GRANTED, and plaintiff's complaint is DISMISSED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 4, 2005         /s/ Maxine M. Chesney
                           MAXINE M. CHESNEY
                           United States District Judge